UNITED STATES of America,
Plaintiff—Appellee,

v.

Lamonte Deshawn SIMS, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Mario McDonald, Defendant—
Appellant.

Nos. 03–50530, 03–50531.
D.C. Nos. CR–02–00241–TJH–
03, CR–02–00241–TJH–4.

United States Court of Appeals,
Ninth Circuit.

Argued Feb. 8, 2005 as to 03–50531 only.

Submitted Feb. 22, 2005.*

Erik M. Silber, USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Gail Ivens, Glendale, CA, for Defendant—Appellant.

Jerry Sies, Los Angeles, CA, for Defendant—Appellant.

Before GOODWIN, CUDAHY,** and RYMER, Circuit Judges.

MEMORANDUM***

Mario McDonald appeals his jury conviction for conspiracy to commit bank robbery in violation of 18 U.S.C. § 371; armed robbery in violation of 18 U.S.C. § 2113(a) and (d); and brandishing firearms during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). He argues that the government's delay in producing a witness's prior statement violated the Jencks Act, 18 U.S.C. § 3500, and should result in a new trial.  Mc-

---

* This panel unanimiously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).
** The Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**482**

Donald and co-defendant Lamonte Deshawn Sims appeal their sentences.

A district court's decision regarding the imposition of sanctions for a Jencks Act violation is reviewed for an abuse of discretion. *See United States v. McKoy,* 78 F.3d 446, 448 (9th Cir.1996). We will affirm the conviction if the Jencks Act violation is "more than likely harmless." *United States v. Brumel–Alvarez,* 991 F.2d 1452, 1457 (9th Cir.1992) (as amended).

Assuming for the purpose of argument that the delayed production of the portion of grand jury testimony at issue here did involve Jencks Act material, which we need not decide, the alleged error was more than likely harmless. The statement lacked impeachment value. *See United States v. Ogbuehi,* 18 F.3d 807, 811 (9th Cir.1994) ("Deciding whether any error was harmless necessarily requires determining whether the statement could have been used for impeachment purposes since disclosure of a witness's statement is required 'for impeachment purposes only.' "). The statement was consistent with testimony solicited from the key government eye-witnesses, all of whom McDonald's trial counsel cross-examined. Accordingly, McDonald was not prejudiced by the delay.

Other issues were briefed and argued, but because we find no prejudice in the delayed production of the evidentiary material, we need not reach them.

McDonald's conviction is therefore AFFIRMED. McDonald's and Sims' sentences are VACATED and REMANDED to the district court so that it may exercise its discretion in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Ameline,* 2005 WL 350811 (9th Cir.2005).